IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY McCOY,

    Plaintiff,

v.                                                                                               Civil Action No. **3:11CV501**

LORETTA K. KELLY,

    Defendant.

### MEMORANDUM OPINION

Anthony McCoy, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights action. The matter is before the Court on McCoy's failure to serve Defendant Kelly within the time required by Federal Rule of Civil Procedure 4(m).[1]

Pursuant to Federal Rule of Civil Procedure 4(m), McCoy had one hundred and twenty (120) days from the filing of the complaint to serve Defendant Kelly. Here, that period commenced on June 7, 2012.[2] By Memorandum Order entered on June 7, 2012, the Court attempted to serve Defendant Kelly pursuant to an informal service agreement with the Attorney General's Office for the Commonwealth of Virginia. By letter dated June 18, 2012, the Attorney General's Office for the Commonwealth of Virginia informed McCoy and the Court that it could

---

[1] Rule 4(m) provides:

    If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

[2] The Court considers the complaint "filed" on the date it concludes statutory screening under the Prison Litigation Reform Act. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

not accept service for Defendant Kelly because the Virginia Department of Corrections no longer employed Defendant Kelly. By Memorandum Order entered on July 30, 2012, the Court reminded McCoy that Defendant Kelly had not been served.

By Memorandum Order entered on March 18, 2013, the Court directed McCoy to show good cause for his failure to serve Defendant Kelly within the time required by Rule 4(m). McCoy failed to respond to that Memorandum Order

Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 120-day period. Fed. R. Civ. P. 4(m). Courts within the Fourth Circuit found good cause to extend the 120-day time period when the plaintiff has made "'reasonable, diligent efforts to effect service on the defendant.'" *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Neither *pro se* status nor incarceration constitutes good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *1–2 (E.D. Va. Jan. 24, 2012) (citing cases). Because McCoy fails to demonstrate good cause for his failure to serve Defendant Kelly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 5-6-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge